IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

ZENG JEAN-JACQUES,

      Plaintiff,

v.                            CASE NO. 1:12-cv-223-SPM-GRJ

JAMES POOLE, et al.,

      Defendants.

_____/

## REPORT AND RECOMMENDATION

Plaintiff, a pretrial detainee confined at the Alachua County Jail, initiated this case by filing a *pro se* Complaint pursuant to 42 U.S.C § 1983 and seeks leave to proceed as a pauper. Docs. 1 & 2. This case is before the Court for screening pursuant to 28 U.S.C § 1915A.

The Complaint stems from Plaintiff's conditions of confinement. Specifically, Plaintiff contends that he has been required to engage in forced labor at the jail because he is required to help clean his housing pod, with other inmates, by "sweeping and mopping the entire pod, wiping down every table on the entire pod, scrubbing down all of the toilets, cleaning out the showers and the sinks, and cleaning up the rec yard." Doc. 1 at 7. Plaintiff contends that he has been sent to disciplinary confinement twice for refusing to clean. Plaintiff states that he has no objection to cleaning up after himself; rather, he objects to cleaning up after other inmates. Doc. 1 at 7. Plaintiff contends that such forced labor violates his rights under the Fifth and Eighth Amendments, and is "tantamount to slavery." *Id*. at 7-8. Plaintiff requests declaratory and injunctive relief. *Id*. at 8.

Pursuant to 28 U.S.C. § 1915A, the court "shall review . . . a complaint in a civil

action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," and shall "dismiss the complaint . . . if the complaint . . . fails to state a claim upon which relief may be granted.  To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that an act or omission committed by a person acting under color of state law deprived him of a right, privilege, or immunity secured by the Constitution or laws of the United States.  *Hale v. Tallapoosa County*, 50 F.3d 1579, 1582 (11th Cir.1995).  If a litigant cannot satisfy these requirements, or fails to provide factual allegations in support of the claims, then the complaint is subject to dismissal.  *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (noting that "[f]actual allegations must be enough to raise a right to relief above the speculative level," and complaint "must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action"); *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S.Ct. 1937, 1951-53 (2009) (*Twombly* "expounded the pleading standard for all civil actions," and conclusory allegations that "amount to nothing more than a formulaic recitation of the elements of a constitutional . . . claim" are "not entitled to be assumed true," and, to escape dismissal, complaint must allege facts sufficient to move claims "across the line from conceivable to plausible.").

A *pro se* litigant's allegations are entitled to the benefit of liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).  However, a court does not have "license . . . to rewrite an otherwise deficient pleading [by a pro se litigant] in order to sustain an action."  *GJR Investments v. County of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir.1998) (*overruled on other grounds* by *Iqbal).*

Because Plaintiff is a pretrial detainee, his claim is properly analyzed under the Fourteenth Amendment. *Bell v. Wolfish*, 441 U.S. 520, 535 & n.16 (1979). "Not every disability imposed during pretrial detention amounts to 'punishment' in the constitutional sense . . . the fact that such detention interferes with the detainee's understandable desire to live as comfortably as possible and with as little restraint as possible during confinement does not convert the conditions or restrictions of detention into 'punishment.'" *Bell*, 441 U.S. at 537. Whether a restriction or condition accompanying pretrial detention is "punishment" turns on whether the restriction or condition is reasonably related to a legitimate government objective. *Id.* at 538-39. A court "must decide whether the disability [placed on the pretrial detainee] is imposed for the purpose of punishment or whether it is but an incident of some other legitimate governmental purpose." *Id*. at 538. "[I]f a particular condition or restriction of pretrial detention is reasonably related to a legitimate governmental objective, it does not, without more, amount to 'punishment.' " *Id*. at 539.

A failure to pay a pretrial detainee wages for performing work does not violate the Constitution. *Villarreal v. Woodham*, 113 F.3rd 202, 207-08 (11th Cir. 1997). In considering whether labor required of a pretrial detainee amounts to cruel and unusual punishment in violation of the Fourteenth Amendment, the Eleventh Circuit has observed that "conduct that is not inherently punitive must involve more than an ordinary lack of due care for a prisoner's safety or welfare." *Villarreal*, 113 F.3rd at 207-08 (citing *Whitley v. Albers*, 475 U.S. 312, 320-22 (1986)).

The Thirteenth Amendment's proscription against involuntary servitude does not forbid requiring a pretrial detainee to engage in general housekeeping responsibilities.

*Channer v. Hall*, 112 F.3d 214, 218-19 (5th Cir. 1997) (detainee may be required to make "communal contribution" in form of housekeeping tasks without violating prohibition of involuntary servitude); *Hause v. Vaught*, 993 F.2d 1079, 1085 (4th Cir. 1993) ("general housekeeping responsibilities" are not inherently punitive and are related to the legitimate, non-punitive governmental objective of prison cleanliness); *Bijeol v. Nelson*, 579 F.2d 423, 424-25 (7th Cir. 1978) (affirming trial court's determination that pretrial detainees may be compelled to perform housekeeping tasks, including in communal areas, so long as work was not "overly burdensome," and detainee may be subjected to disciplinary segregation for failing to work); *c.f. McGarry v. Pallito*, 687 F.3d 505, 514 (2nd Cir. 2012) (requiring pretrial detainees to perform housekeeping chores does not violate Thirteenth Amendment, but allegation that detainee performed "hard labor" up to 14 hours a day in prison laundry stated claim for relief).

Plaintiff's factual allegations do not suggest that the housekeeping duties he performs in the communal areas of his housing pod with the assistance of other inmates – sweeping, mopping, wiping tables, cleaning bathrooms, cleaning the rec yard – are inherently punitive in nature or posed any risk to his safety or welfare, in violation of his Fourteenth Amendment rights as a pretrial detainee. *See Villarreal*, 113 F.3rd at 207-08. Plaintiff's sole objection to performing such work is that he is required to clean up after other inmates who don't clean up after themselves. Doc. 1 at 7. But requiring detainees to engage in such work plainly serves a number of legitimate government objectives, including maintaining the cleanliness of the jail, occupying inmates' time, and providing inmates with interaction and physical exercise. *See Villareal*, 113 F.3rd

at 207-08; *Wilson v. Blankenship,* 163 F.3d 1284, 1293 n.13 (11th Cir. 1998)

(participating in cleaning work detail promotes exercise).  His factual allegations do not

suggest that such work is overly burdensome, or amounts to the sort of hard labor

proscribed by the Thirteenth Amendment.  *See, e.g., Channer*, 112 F.3d at 218-19;

*Hause*, 993 F.2d at 1085;  *Bijeol v. Nelson*, 579 F.2d at 424-25.

Under these circumstances, the Court concludes that the complaint fails to state

a claim for a violation of Plaintiff's constitutional rights upon which relief may be

granted.   Because, even liberally construed, the facts alleged do not suggest that

Plaintiff could amend his complaint to assert a cognizable claim for relief, the Court

concludes that amendment of the complaint would be futile.  *See Foman v. Davis*, 371

U.S. 178, 182 (1962).

In light of the foregoing, it is respectfully **RECOMMENDED** that this case be

**DISMISSED** for failure to state a claim upon which relief may be granted, pursuant to

28 U.S.C § 1915A.  It is further recommended that any pending motions should be

terminated and the clerk should be directed to close the file.

**IN CHAMBERS** at Gainesville, Florida this 22nd  day of February 2013.

*s/Gary R. Jones*

GARY R. JONES
United States Magistrate Judge

**NOTICE TO THE PARTIES**
**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**